UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

THELMA J. LUPTON

VERSUS

USAGENCIES MANAGEMENT SERVICES, INC.

CIVIL ACTION

NUMBER 12-673-SCR

### **RULING ON PLAINTIFF'S RULE 56(d) MOTION FOR CONTINUANCE**

Before the court is the Plaintiff's Rule 56(d) Motion for Continuance to Conduct Discovery and For Denial Without Prejudice of Defendant's Motion for Summary Judgment. Record document number 16. The motion is opposed.[1]

Plaintiff Thelma J. Lupton filed a Complaint on October 24, 2012 alleging claims against her former employer, defendant USAgencies Management Services, Inc., for retaliation and interference with her rights under the Family and Medical Leave Act ("FMLA"). The parties filed their Joint Status Report on January 10, 2013, and after the initial scheduling conference was held on January 24 a case SchedulingOorder was entered.[2] The following deadlines were set: March 1 to provide initial disclosures, September 2 for fact discovery and filing motions to compel, and November 1 for filing dispositive motions.

On April 29, 2013 the defendant filed a Motion for Summary

---

[1] Record document number 17.

[2] Record document numbers 6 and 9.

Judgment, and on May 9 the plaintiff's unopposed motion for extension of time to file her response to the motion was granted, giving the plaintiff until June 10 to file her opposition.[3] Rather than file an opposition, on June 5 the plaintiff filed this motion under Rule 56(d), Fed.R.Civ.P.

Rule 56(d) (former Rule 56(f)) provides a tool to keep open the doors of discovery in order to adequately oppose a summary judgment motion. *Six Flags Inc. v. Westchester Surplus Lines Ins. Co.,* 565 F.3d 948, 963 (5th Cir. 2009). Although generally a Rule 56(d) motion should be liberally granted, it should not be automatically granted. A party seeking additional discovery pursuant to Rule 56(d) must show: 1) how that discovery will create a genuine issue of material fact; and, 2) that the movant exercised due diligence in discovery. *Id.; Culwell v. City of Fort Worth*, 468 F.3d 868, 871 (5th Cir. 2006); *Baker v. Am. Airlines, Inc*., 430 F.3d 750, 756 (5th Cir. 2005).

In support of the motion, counsel for the plaintiff submitted a declaration under oath describing the categories of information needed to oppose the defendant's summary judgment motion.[4] Counsel's declaration did not describe any particular means by which this information would be obtained, e.g. interrogatories, document requests or depositions, and it did not identify any

---

[3] Record document numbers 11, 14 and 15.

[4] Record document number 16-2.

2

particular persons whose depositions are needed.[5]  On the issue of due diligence, the plaintiff argued that the case in its infancy with the only discovery thus far being the exchange of initial disclosures.  Plaintiff pointed out that the fact and expert discovery deadlines have not expired, and the deadline for filing dispositive motions is not until November 1, 2013.  According to the plaintiff, she has not had a fair opportunity to obtain the testimony, information and documents needed to prove her claims and dispute the defenses raised.  Therefore, the defendant's motion for summary judgment is premature and an improper attempt to deprive her of the opportunity to develop her case.

   Plaintiff's argument that she has not had a fair opportunity to conduct discovery is entirely unsupported.  The record in fact demonstrates that the plaintiff has had a fair opportunity.  From the filing of the status report on January 10, 2013 until the defendant filed its summary judgment the plaintiff had almost four months to conduct discovery, and the plaintiff has had another five weeks since the summary judgment motion was filed.  Yet, as of the date of this Rule 56(d) motion, the plaintiff has not served the defendant with written discovery requests under Rules 33, 34 or 36,

---

[5] Defendant's summary judgment motion was supported by the affidavits of Vallie Dugas, the plaintiff's former supervisor, and Natalie Jones, the defendant's Senior Human Resources Generalist. Record document numbers 11-4, Exhibit 1, and 11-5, Exhibit 2, respectively.

or noticed the deposition of any witness.[6] In her motion the plaintiff failed to offer any explanation for her total lack of effort to engage in discovery. No rule of civil procedure or court order prohibited the plaintiff from conducting discovery either before the defendant filed its summary judgment motion or after it was filed - including taking the depositions of Vallie Dugas and Natalie Jones.

The record compels the conclusion that the plaintiff has not exercised due diligence to obtain the discovery needed to support her claim and oppose the defendant's motion. Therefore, the plaintiff's request that the court continue the defendant's motion or deny it without prejudice until the period for fact discovery ends is not justified.

Accordingly, the Plaintiff's Rule 56(d) Motion for Continuance to Conduct Discovery and For Denial Without Prejudice of Defendant's Motion for Summary Judgment is denied.

Plaintiff shall have until August 6, 2013 to file her opposition to the defendant's Motion for Summary Judgment.

Baton Rouge, Louisiana, July 23, 2013.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[6] Plaintiff acknowledged this fact in her memorandum. Record document number 16-1, p. 2.